FILED

11 JUL 15 PM 3:16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

                                                              DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### July 2010 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **'11 CR 3059 BTM** |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 2252(a)(2) - Receipt of Images of Minors Engaged in Sexually Explicit Conduct; Title 18, U.S.C., Sec. 2252(a)(4)(B) - Possession of Images of Minors Engaged in Sexually Explicit Conduct; Title 18, U.S.C., Secs. 2253(a) and 2253(b) - Criminal Forfeiture |
| KEVIN HARRIS, | |
| Defendant. | |

The grand jury charges:

### Count 1

On or about and between December 15, 2008 and June 28, 2010, within the Southern District of California, defendant KEVIN HARRIS did knowingly receive visual depictions, that is digital and computer images, including a file named "Dad gets a handjob from his daughter and her friend - preteen kiddy kiddie incest rape porno porn sex (8secs)(1).mpg" using any means or facility of interstate and foreign commerce and that has been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contains materials which have been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer, the production of which involved the use of a minor engaging in

CEK:nlv:San Diego
7/14/11

sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which visual depictions were of such conduct; in violation of Title 18, United States Code, Section 2252(a)(2).

Count 2

On or about and between December 15, 2008 and June 28, 2010, within the Southern District of California, defendant KEVIN HARRIS did knowingly receive visual depictions, that is digital and computer images, including a file named "Lucifer's Pedos Collection 3-3~ Dick (Illegal Preteen Underage Lolita Kiddy Child Incest 666 Porno Gay Fuck Young Naked Nude Little Girls and Boys.jpg" using any means or facility of interstate and foreign commerce and that has been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contains materials which have been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which visual depictions were of such conduct; in violation of Title 18, United States Code, Section 2252(a)(2).

Count 3

On or about and between December 15, 2008 and June 28, 2010, within the Southern District of California, defendant KEVIN HARRIS did knowingly receive visual depictions, that is digital and computer images, including a file named "Pretty Baby_Lolita 12yr old teen sex kiddie porn underage incest virgins preteen little girls ptsc LS_x6903.jpg" using any means or facility of interstate and foreign commerce and that has been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contains

1  materials which have been mailed, shipped and transported in
2  interstate and foreign commerce, by any means including by computer,
3  the production of which involved the use of a minor engaging in
4  sexually explicit conduct, as defined in Title 18, United States Code,
5  Section 2256(2), and which visual depictions were of such conduct; in
6  violation of Title 18, United States Code, Section 2252(a)(2).

### Count 4

8  On or about and between December 15, 2008 and June 28, 2010,
9  within the Southern District of California, defendant KEVIN HARRIS did
10 knowingly possess one or more matters, that is computer hard drive(s)
11 and computer media containing digital and computer images which
12 contained visual depictions that had been mailed, shipped and
13 transported in interstate and foreign commerce, and which were
14 produced using materials which have been mailed, shipped and
15 transported in interstate and foreign commerce, by any means including
16 by computer, the production of which involved the use of a minor
17 engaging in sexually explicit conduct, as defined in Title 18,
18 United States Code, Section 2256(2), and which visual depictions were
19 of such conduct; in violation of Title 18, United States Code,
20 Section 2252(a)(4)(B).

### Count 5

22 On or about and between January 14, 2008 and June 28, 2010,
23 within the Southern District of California, defendant KEVIN HARRIS did
24 knowingly possess one or more matters, that is computer hard drive(s)
25 and computer media containing digital and computer images which
26 contained visual depictions that had been mailed, shipped and
27 transported in interstate and foreign commerce, and which were
28 produced using materials which have been mailed, shipped and

transported in interstate and foreign commerce, by any means including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which visual depictions were of such conduct; in violation of Title 18, United States Code, Section 2252(a)(4)(B).

FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 5 of this Indictment are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 2253(a).

2. Upon conviction of one or more of the offenses alleged in Counts 1 through 5, which involve violations of Title 18, United States Code, Sections 2252(a)(2) and (a)(4), defendant KEVIN HARRIS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a) all right, title and interest in:

    a. any visual depictions described in Section 2252, and any matter which contains any such visual depictions;

    b. any property, real or personal, constituting or traceable to gross profits of the offense; and

    c. any property, real or personal, used or intended to be used to commit or to promote the commission of said offense, including but not limited to the following personal property:

        i. Any and all images of child pornography, as defined in Title 18, United States Code, Section 2256.

        ii. Computers and computer media seized from defendant on or about June 28, 2010 including a Dell PF31L laptop computer

bearing serial number 7BM3WH1 and a Sony VAIO laptop computer bearing serial number 3002177.

3. If any of the forfeitable property described above in Paragraph 2, as a result of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(o), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above in Paragraph 2.

All pursuant to Title 18, United States Code, Sections 2253(a) and 2253(b).

DATED: July 15, 2011.

A TRUE BILL:

*[signature]*
Foreperson

LAURA E. DUFFY
United States Attorney

By: *[signature]*
CHARLOTTE E. KAISER
Assistant U.S. Attorney

5